FILED
SUPERIOR COURT
OF GUAM

2022 JAN 21 PM 2:42

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RAY J. AFLAGUE, )<br><br>vs. )<br><br>RICHARD D. MOYLAN, as Administrator for )<br>the Estate of Jane D. Aflague Moylan, *et al.*, )<br><br>Defendants. )<br>_____ ) | **CIVIL CASE NO. CV0570-10**<br><br>**DECISION AND ORDER**<br>**SUA SPONTE**<br>**DISMISSING CASE**<br>**WITHOUT PREJUDICE** |

## I. INTRODUCTION

This matter is before the Court following remand by the Supreme Court of Guam in the appeal of the Judgment in this case. See, *Aflague v. Moylan et al.,* 2020 Guam 18 (September 28, 2020). On October 21, 2021, following a hearing before this Court on April 14, 2021, the Court ordered that Plaintiff Ray J. Aflague, represented by Attorney F. Randall Cunliffe, join indispensable parties Guam Ancestral Lands Commission (GALC) and Department of Land Mangement, Government of Guam (DLM) by the deadline of 30 days from October 21, 2022, which would lapse on November 21, 2021. Order (Oct. 21, 2021). The parties were also ordered to appear before it on January 19, 2022, for a Scheduling Conference. Id. Defendant Richard D. Moylan, As Administrator for the Estate of Jane D. Aflague Moylan, is represented by Attorney Gary W.F. Gumataotao. Attorney Michael Berman represents several other named Defendants.

In its Order, the Court warned Plaintiff that failure to join the indispensable parties would result in the dismissal without prejudice of this case by the clerk without further order. *Id.* Plaintiff has failed to join GALC and DLM within the time provided under the Court's Order. Moreover,

other than addressing matters pertaining to the assignment of this matter to a qualified judge, the Plaintiff has failed to take any substantive action following remand.

Because the Plaintiff has failed to join necessary and indispensable parties or file any other request or pleading advancing his interest in this case since the issuance of this Court's October 22, 2021 Order, the Court vacated the January 19, 2021 Scheduling Conference and now issues this Order *sua sponte* dismissing this case without prejudice pursuant to Rule 41(b) of the Guam Rules of Civil Procedure for the reasons set forth herein.

## II.    DISCUSSION

The decision of whether to dismiss an action for failure to prosecute generally lies within the sound discretion of the Court and the Court's decision will not be disturbed absent a "clear abuse of discretion." *United Pacific Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6; *Santos v. Carney*, 1997 Guam 4 at ¶4 (Guam 1997)(citing to *Lynn v. Chin Heung Intern., Inc.*, 852 F.2d 1221 (9th Cir. 1988)); GRCP 41(b). The Guam Supreme Court in *Santos v. Carney* recognized that the trial courts "may consider prevailing local conditions in administering their dockets," subject to ensuring that trial courts do not abuse their discretion by utilizing a procedural rule (here, dismissal for failure to prosecute) in doing so. *Santos*, 1997 Guam 4 (Guam 1997). See also, *United Pacific Islanders' Corp. at* ¶ 25 ("We give deference to the trial court in determining the reasonableness of a delay 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'")(quoting *Santos*, 1997 Guam 4 ¶ 5 (quoting In re Eisen, 31 F.3d at 1451)). As the Supreme Court recognized in *Santos*, involuntary dismissal for failure to prosecute is "a proper docket management tool and that dismissal may be proper in certain situations." *Id.* at ¶ 4.

While deference is given to trial courts to employ Rule 41(b) as a docket management tool, trial courts must consider the following factors in deciding whether dismissal of an action under this rule is an appropriate sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *United Pacific Islanders' Corp.*, 2017 Guam 6 (citing *Santos* at ¶ 5). If at least four factors favor dismissal, or three factors "strongly" support dismissal, then dismissal is appropriate. Id. (citing *Park v. Kawashima*, 2010 Guam 10 ¶ 10).

It is important to note that the responsibility of urging the adjudication of a matter falls primarily upon a plaintiff. Indeed, the Guam Supreme Court confirmed that it has "always recognized that it is primarily a plaintiff's responsibility to push a matter towards adjudication." *United Pacific Islanders' Corp.* at ¶ 26 (citing *Ward v. Reyes*, 1998 Guam 1 ¶ 23; *Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 18 (citations omitted); *In re Quitugua v. Flores*, 2004 Guam 19 ¶ 19)). Although the Court has considered this dismissal *sua sponte*, it shall outline the reasons for the appropriateness of this sanction under the circumstances.

1. **The public's interest in expeditious resolution of litigation and the court's need to manage its docket.**

The public's interest in expeditious resolution of litigation and the court's need to manage its docket are factors which are often considered together. *United Pacific Islanders* at ¶ 27; *Park* at ¶ 13. This case was remanded back to the trial court in 2020, after the Supreme Court voided a deed issued by the Guam Ancestral Lands Commission (GALC) to the Plaintiff for lack of due process and further ruled that the failure of the trial court to order a joinder of necessary parties the Department of Land Mangament, Government of Guam (DLM), and the GALC was an

abuse of discretion. *Aflague v. Moylan et al.,* 2020 Guam 18 ¶¶ 12 - 20. The Supreme Court further mandated that the trial court resolve the competing claims of quiet title, which requires a new trial of the matters which had been purportedly adjudicated by the prior court. Id.

The chronology of events in this case following remand is pertinent to this Court's decision to dismiss pursuant to Rule 41(b): The Supreme Court issued its Opinion reversing the Judgment of the trial court in **September 28, 2020**, followed by its Judgment (Sept. 2020) and Mandate (Oct. 2020), remanding this case back to the Superior Court to order the joinder of the GALC and DLM as necessary and indispensable parties and to "exercise its original jurisdiction over a collateral attack and determine the validity of the deed based upon whether notice was provided. . . . If the Superior Court finds the collateral attack meritorious, then it must address the underlying deed from Fred to Ray." Id. at ¶¶ 23 - 24. Following remand in 2020, this matter was assigned to the Honorable Judge Dana A. Gutierrez after the retirement of the Honorable Michael J. Bordallo, who previously presided over this matter and who presided over the bench trial and issued the Judgment which was ultimately reversed on appeal. However, due to the disqualification of Judge Gutierrez, on November 20, 2020, this Court was assigned the matter and, following notice of potential disqualifications and waivers by the parties allowing this Court to preside over this case, this Court held a status hearing on April 14, 2021.

During the April 2021 status hearing before this Court, counsel for Defendant Estate of Jane Aflague argued that the Opinion of the Guam Supreme Court clearly mandated that GALC and DLM be joined as indispensable parties, while counsel for the Plaintiff argued that the joinder should not be the Plaintiff's obligation. *Status Hrg. on April 14, 2021* at 2:59:21 PM to 3:07:39 PM. The Court indicated that it would issue an Order following the hearing setting forth the

procedure for joining the indispensable parties and setting the matter for a subsequent hearing. On October 22, 2021, this Court issued its *Order for Joinder of the Ancestral Lands Commission and the Department of Land Management Pursuant to Mandate of the Supreme Court of Guam* (Oct. 22, 2021). In its Order, the Court mandated the following:

> [T]he Court ORDERS that the Guam Ancestral Lands Commission and the Department of Land Management be joined in this action as a party plaintiff, or if they refuse to be joined as such plaintiff, as an involuntary plaintiff or defendant; IT IS FURTHER ORDERED that such joinder be effected by PLAINTIFF by appropriate process within **THIRTY (30) DAYS** after the date of this Order; and that if GALC and DLM cannot be joined within such time provided in this Order **this action shall, without further order, be dismissed by the clerk without prejudice.**

Id. (emphasis added). The thirty (30) day deadline lapsed on *November 21, 2021.*

In anticipation of the joinder being effectuated by the Plaintiff within the time set forth in its Order, the Court set a Scheduling Conference for January 19, 2022, as mandated under CVR 16.1. However, by January 19, 2022, the Plaintiff had still failed to join the GALC and DLM as Ordered by filing an Amended Complaint to add them as parties to the litigation or by other means of compelling their appearance, nor did it file any motion to extend the court-ordered deadline or provide good cause for non-compliance with the Order.

By virtue of the Supreme Court Opinion of 2020 and this Court's Order in October, 2021, the Plaintiff had more than adequate notice that, contrary to its Opposition to the Defendants' motion to join necessary parties that "[GALC and DLM]'s absence does not prevent the court from making a quiet title decision," (Opp. at p. 3)(Feb. 17, 2015), the trial court cannot go forward with the determination to quiet title without them; and, Plaintiff must, therefore, join these parties by November 21, 2021. At no time during the 90 days from the issuance of this Court's October 2021 Order and the January 19, 2022 Scheduling Conference, did the Plaintiff

request an extension of time or file any pleading justifying any further delay.[1] As previously discussed, the Plaintiff had notice since September 2020 that in order to adjudicate his quiet title claims, these parties *must* be joined. Despite such knowledge, and despite the order requiring that the Plaintiff join the parties by November 21, 2021, the Plaintiff simply failed to prosecute his claim. Such delay is unreasonable under the circumstances.

Further, in considering "prevailing local conditions in administering [its] docket", since being assigned this case in late 2020, the Court now presides over and is exclusively assigned criminal cases pursuant to Guam Supreme Court Administrative Rule 20-001(II). This Rule created four criminal courts, including the undersigned, and three non-criminal courts. Based on this assignment, the Court is compelled to prioritize asserted criminal cases while still closing out its previously assigned non-criminal cases within the case age time standards set forth in Administrative Rule No. 13-003, including the instant matter. In its effort to adjudicate this case, the Court set aside a date certain since October 21, 2021, for *all* of the parties to come before it for a Scheduling Conference pursuant to CVR 16.1. As set forth under CVR 16.1, the Plaintiff, in particular, is charged with initiating any communication necessary to prepare the Scheduling Order and Discovery Plan as well as to submit it prior to the Scheduling Conference, which was scheduled within the 90 days provided under CVR 16.1(c). No delay can be attributed to the Court nor to the Defendants in this instance and the court has a compelling need to manage its docket. Under the circumstances, these *two Santos* factors weigh in favor of dismissal.

[1] *Compare, Park* at ¶ 19 where Park claimed an "offset defense" which was rejected because he failed to provide inform the court of any settlement discussions or to seek a stay of the proceedings or any other potential excuses for failure to prosecute his claims. Similarly, the Court's October 2021 Order has only been met with silence from the Plaintiff.

## 2. The risk of prejudice to the defendants.

Once a delay is determined to be unreasonable, prejudice to the Defendant is presumed. *United Pacific Islanders* at ¶ 30. However, this presumption is rebuttable. Id. Although the delay between October 21, 2021 and November 21, 2021, and even between October 21, 2021 and January 19, 2022 is not a protracted period of time, in the context of this lawsuit, which was commenced in 2010 and in which at least one Defendant has since passed away, leaving her estate to defend against the claims, and the Plaintiff not having proffered any reason on the record excusing his delay in joining GALC and DLM, the Court finds that Plaintiff's delay has resulted in prejudice to the Defendants.[2] This factor weighs in favor of dismissal.

## 3. The public policy favoring the disposition of cases on their merits.

The next consideration under *Santos* is the public policy favoring the disposition of cases on their merits. Although "public policy favors the disposition of cases on their merits and disfavors the dismissal of cases prematurely," *Lujan v. McCreadie,* 2014 Guam 19 ¶ 21 (citing *Santos,* 1997 Guam 4 ¶ 9), the question before this Court is "whether the policy of determining cases on their merits justifies the delay and prejudice caused by [the party's] actions." *United Pacific Islanders' Corp.* at ¶ 32 (quoting *Park,* 2010 Guam 10 ¶ 22). The Court finds no justification for the Plaintiff's delay.[3] Moreover, a new trial of the case is what the Guam Supreme

[2] See also, *Park* at ¶ 21 ("[W]e have stated that presumed prejudice is sufficient to support a Rule 41(b) dismissal.")
[3] The pendency of the assignment of a judge to preside over the matter following Judge Bordallo's departure is also no reason to have delayed the joinder of the GACL and DLM. The Opinion ordered that the Superior Court join the indispensable parties, which is interpreted to mean that the trial court would require the Plaintiff to haul them into court to answer to his claims relating to the property *vis a vis* an Amended Complaint naming them as parties. But, under the circumstances, no order ought to have been necessary to compel the Plaintiff to act in his interest, except that during the April 14, 2021, hearing before this Court, Plaintiff's counsel declared that he did not believe that joinder was the Plaintiff's obligation. On the contrary, as the Supreme Court found, "[W]e find no abuse of discretion in the Superior Court's determination that [Plaintiff] Ray's interests cannot, be fully adjudicated or

Court ruled in its Opinion, and this Court has not been asked to make any substantive rulings by any of the parties in this case, which essentially begins with a "clean slate." Thus, this matter would be disposed of on the merits of the parties' claims if the Plaintiff desires to refile the Complaint against all necessary and indispensable parties. This factor weighs in favor of dismissal without prejudice.

### 4. The availability of less drastic sanctions.

"The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos*, 1997 Guam 4 ¶ 10. The trial court is not required to give a warning of possible dismissal. Id. "A trial court is not required to examine every single alternate remedy in deciding if [the] sanction of dismissal is appropriate." *Park*, 2010 Guam 10 ¶ 24 (citation omitted). But courts should engage in a "reasonable exploration of possible and meaningful alternatives." Id. (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976)).

In this instance, the Court provided a warning in its October 2021 Order compelling the joinder of GALC and DLM that the failure to join these parties within the time provided would result in a dismissal without prejudice. Ninety (90) days had lapsed with no response from the Plaintiff to the Order. The Court is not required to do more than it already has in this case, for it

---

protected absent GALC and DLM. And in finding the GALC deed to Ray potentially void, *Ray may be exposed to other consequences of improper actions of GALC and DLM." Moylan* at ¶ 20 (emphasis added). Furthermore, the Supreme Court emphasized that failure to bring GALC and DLM into the litigation could have dire consequences on the Plaintiff's claim to title: "For example, if Moylan prevails here, GALC may treat its prior, albeit void, action to Ray as extinguishing any and all of Ray's ancestral claims and forever barring Ray from reentry into the Claims Registry, *see, e.g.,* 21 GCA § 80104(c)(Step 4*),* while the lawsuit ultimately finds that GALC never validly gave Ray any interest in ancestral property." *Id.* at fn. 6. Given the significant loss to Plaintiff's claims if it did not bring GALC into the lawsuit, the obligation clearly falls upon the Plaintiff to join them as indispensable parties. He could have, and should have, done so regardless of which judge was ultimately assigned to this case.

is the obligation of the Plaintiff to pursue its claims against parties whom he has summoned and to summon those parties without whom his claims cannot be adjudicated. Under these circumstances, this factor justifies dismissal.

## III. CONCLUSION

Although the Court recognizes that dismissal is a harsh penalty, the Court gave a preemptive warning to the Plaintiff of dismissal if GALC and DLM were not timely joined. Additionally, the Guam Supreme Court raised compelling scenarios resulting in severe consequences for the Plaintiff if GALC and DLM were not joined as parties to this lawsuit. Following the expiration of the 30 day deadline and an additional 60 days thereafter, the Court, not having received any request from the Plaintiff to extend the deadline or providing any justification for his delay vacated the Scheduling Conference set in compliance with CVR 16.1 and considered all factors prior to reaching this decision to dismiss this case without prejudice.[4] The Plaintiff having failed to timely join the parties and to provide any reasonable basis for such delay, and for the additional reasons set forth herein, the Court ORDERS this matter DIMISSED WITHOUT PREJUDICE pursuant to GRCP Rule 41(b).

**SO ORDERED** this 21ˢᵗ day of January, 2022.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
~~Bernard Cumiffe~~
~~Guam Gamo~~
Date:_____ Time:__1/21/22__
__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

---

[4] See *Park* at ¶ 25 ("Although dismissal is a harsh penalty, the court weighed the necessary factors before dismissing the action and application of these factors support dismissal. Therefore, the court did not abuse its discretion in dismissing the action under Rule 41(b)).